# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTHONY BUZZANCA | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-cv-02893 (APM) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

### I.

Plaintiff Anthony Buzzanca alleges he was illegally detained in the District of Columbia Jail ("D.C. Jail") for 146 days beyond his release date. Notice of Removal, ECF No. 1 [hereinafter Notice], Pl.'s Compl., ECF No. 1-1 [hereinafter Compl.], ¶¶ 1, 8, 9. He brought this action in D.C. Superior Court in September 2018 against the District of Columbia and various John Doe employees of the District of Columbia Department of Corrections ("DOC"), claiming: (1) violation of his constitutional rights under 42 U.S.C. § 1983, *et seq.*, (2) false arrest and false imprisonment, (3) intentional infliction of emotional distress (IIED), (4) negligence, and (5) negligent hiring, training and supervision.[1] Compl. ¶¶ 12–50. Defendant District of Columbia removed to this court on December 10, 2018. *See* Notice. It now moves to dismiss all claims. *See generally* Def.'s Mot. to Dismiss, ECF No. 4 [hereinafter Def.'s Mot.]. For the following reasons, Defendant's Motion is granted in part and denied in part.

---

[1] Plaintiff also alleged gross negligence, however, agreed in his opposition brief that he cannot support such a claim. Pl.'s Opp'n to Def.'s Mot., ECF No. 6 [hereinafter Pl.'s Opp'n], at 3 n.2. ("Mr. Buzzanca does not oppose the District of Columbia's motion to dismiss as it pertains to Count VI of the Complaint alleging gross negligence by the District of Columbia only."). The court therefore grants Defendant's motion as to this claim.

II.

Plaintiff alleges Defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights and are liable under 42 U.S.C. § 1983. Compl. ¶¶ 12–19. The District contends that Plaintiff has not shown that his treatment was the result of a municipal policy, practice, or custom. *See* Def.'s Mot. at 6–8. The court agrees that Plaintiff has not done so, but will provide him with an opportunity to amend his complaint.

To impose liability on a municipality under section 1983, Plaintiff must prove that an "action pursuant to official municipal policy" or custom caused the alleged constitutional violation. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). The existence of a policy may be inferred from, among other ways, "the failure of the government to respond to a need . . . in such a manner as to show 'deliberate indifference' to the risk that not addressing the need will result in constitutional violations." *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). Deliberate indifference is an objective standard, "determined by analyzing whether the municipality knew or should have known of the risk of constitutional violations." *Id.* at 1307 (citing *Farmer v. Brennan,* 511 U.S. 825, 841 (1994)).

In his complaint, Plaintiff offers only vague generalizations and no specific facts to support the existence of a causal municipal policy or custom. *See* Compl. ¶¶ 16, 18.[2] Plaintiff attempts to bolster his Complaint through his opposition brief, contending that recent cases in this Circuit demonstrate Defendant's knowledge of a chronic overdetention problem. *See* Pl.'s Opp'n to Def.'s Mot., ECF No. 6 [hereinafter Pl.'s Opp'n], at 7–10. Even if the court were to consider these other

---

[2] He simply alleges: "[T]he District of Columbia government generally and [the Department of Corrections ("DOC")] specifically have knowledge about a pattern of neglect and indifference that results in frequent overdetention of DOC inmates. This deliberate indifference constitutes a custom and practice and stems from its failure to develop, implement and maintain a record-keeping system of inmates that ensures that such inmates will not be overdetained." Compl. ¶16.

2

cases, *see Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014) (stating that "a plaintiff cannot amend his or her complaint by the briefs in opposition to a motion to dismiss"), his pleading still would fall short. The Complaint contains no facts that would connect the reasons for overdetention identified and challenged in these other cases to *his* overdetention. Indeed, as Defendant points out, in one of the cases the court found that, due to decreasing overdetentions and new preventative measures, "the DOC, from February 2008 forward, could not reasonably be found to have been deliberately indifferent to the due process rights of overdetention class members during this period." *Barnes v. District of Columbia*, 793 F. Supp. 2d 260, 281 (D.D.C. 2011). Plaintiff therefore cannot simply rely on other cases to sufficiently plead a causal municipal policy or custom.

Accordingly, the court dismisses Plaintiff's section 1983 claim against Defendant but without prejudice. If Plaintiff can plead more facts to support his assertion that District of Columbia policy caused his overdetention, the court will consider those allegations.

III.

Plaintiff next alleges false imprisonment.[3] To make out a claim of false imprisonment, a plaintiff must plead facts establishing: "(1) the detention or restraint is against [the plaintiff's] will [and] within boundaries fixed by the defendant, and (2) the restraint is unlawful." *Smith v. District of Columbia*, 306 F. Supp. 3d 223, 260 (D.D.C. 2018) (citing *Faniel v. Chesapeake & Potomac Tel. Co.*, 404 A.2d 147, 150 (D.C. 1979)). Plaintiff clearly has done so here. After all, he alleges that DOC detained him for nearly five months beyond his release date. Compl. ¶¶ 8–9. Defendant's Motion as to this claim is denied.

---

[3] Plaintiff also alleges false arrest. Given that he has pleaded nothing as to an arrest, illegal or otherwise, this claim is dismissed.

3

IV.

Plaintiff advances additional claims for intentional infliction of emotional distress (IIED), negligence, and negligent hiring, training and supervision. *See* Compl. Defendant maintains that sovereign immunity bars Plaintiff's claims. The court disagrees, at least for now.

The District of Columbia enjoys immunity with regard to its "discretionary functions," as opposed to those that are "ministerial." *Nealon v. District of Columbia*, 669 A.2d 685, 690 (D.C. 1995) (citing *Powell v. District of Columbia*, 602 A.2d 1123, 1126 (D.C. 1992)). "[T]he burden of establishing that the official function in question merits absolute immunity rests on the defendant." *Moss v. Stockard*, 580 A.2d 1011, 1020 n.18 (D.C. 1990) (citing *District of Columbia v. Thompson*, 570 A.2d 277, 298 (D.C. 1990)). Here, Defendant claims its implementation of a system for processing records and its procedures for hiring, training, and supervising employees are discretionary functions. Def.'s Mot. at 8–14. But Defendant offers nothing—no law, regulation or policy—to support this proposition. *See Ignatiev v. United States*, 238 F.3d 464, 466–67 (D.C. Cir. 2001) (denying motion to dismiss where the agency failed to come forward with any internal guidelines or policies that established the challenged action to be discretionary). Instead, Plaintiff cites a number of cases to make its case for immunity. None are on point.

Take for, for instance, *Burkhart v. Washington Metropolitan Area Transit Authority*, in which the D.C. Circuit held that the "hiring, training, and supervising choices [of] WMATA" were discretionary, and therefore immune from suit, based on the express terms of the WMATA Compact. 112 F.3d 1207, 1217 (D.C. Cir. 1997). Defendant identifies nothing comparable to the WMATA Compact to supports its immunity claim here. Likewise, *Tucci v. District of Columbia*, is a different case. There, the D.C. Court of Appeals held that the District's enforcement of public space and solid waste regulations was discretionary. *See* 956 A.2d 684, 691–92 (D.C. 2008).

Decisions regarding whether to institute enforcement proceedings are quintessential discretionary determinations; Defendant identifies no comparable discretionary action here. Finally, *Chandler v. District of Columbia* does not help Defendant's cause, because there the plaintiff conceded that the challenged action—the closure of a fire station—was a discretionary function. *See* 404 A.2d 964, 965 (D.C. 1979).

In short, at the pleading stage, Defendant has failed to carry its burden to show that it is entitled to sovereign immunity. It "cannot shield itself from liability simply by denying the allegations of a complaint." *Ignatiev*, 238 F.3d at 467 (holding that dismissal based on discretionary function immunity was inappropriate before jurisdictional discovery into internal policies).

V.

Finally, Defendant contends that Plaintiff's allegations fail to state a plausible claim of relief as to the negligent hiring, training, and supervision claim. Def.'s Mot. at 12–13. The court disagrees. Plaintiff has pleaded sufficient facts to support this claim, and the court will allow it to proceed.

VI.

For the foregoing reasons, Defendant's Motion is granted in part and denied in part.

Dated: June 14, 2019

Amit P. Mehta
United States District Court Judge