## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Anthony Buzzanca ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1-18-CV-2893  (APM) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
|  1350 Pennsylvania Avenue, N.W. ) | |
|  Washington, D.C. 20004, ) | |
| ) | |
| John Doe (DOC) ) | |
| 2000 14th Street, N.W. ) | |
| Washington, D.C. 20009, ) | |
| ) | |
| United States of America ) | |
|   Serve: ) | |
|  Michael Sherwin, Esquire ) | |
|  Acting United States Attorney for D.C ) | |
|  555 Fourth Street, N.W. ) | |
|  Washington, D.C. 20001 ) | |
| ) | |
|   and ) | |
| ) | |
| Attorney General William Barr, Esquire ) | |
|   950 Pennsylvania Avenue, N.W. ) | |
|   Washington, D.C. 20530-0001 ) | |
| ) | |
| John Doe (BOP) ) | |
|  United States Bureau of Prisons ) | |
|  320 First Street, N.W. ) | |
|  Washington, D.C. 20534 ) | |
| ) | |
|   Defendants. ) | |
|  _____) | |

## PLAINTIF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

Plaintiff Anthony Buzzanca, by and through his attorney, pursuant to *Fed. R. Civ. Proc. 15* and with defendant District of Columbia's written consent, hereby amends and supplements the Complaint to 1) add the United States and various John Doe individuals employed by the United States Bureau of Prisons (BOP) as parties and 2) reflect developments since the case began.

1

Introduction

1. This case arises because acts and omissions by various District of Columbia Department of Corrections (DOC) and United States Bureau of Prisons (BOP) personnel who caused Mr. Buzzanca to remain incarcerated at D.C. Jail for several months beyond the date that he was entitled by law to be released.

2. This case is already pending against the District of Columbia and various unknown individual John Doe defendants employed by the DOC.

3. The purpose of this pleading is to amend the Complaint to add the United States as a party and to supplement the Complaint to reflect developments since the filing of the Initial Complaint, including primarily the dismissal of certain causes of action against the District of Columbia. The District of Columbia has stated in writing that it does not oppose the amendment adding the United States as a party.

Jurisdiction

4. This Court has jurisdiction over the action pursuant to *28 U.S.C. 1331* because this action arises under the Federal Tort Claims Act (*28 U.S.C. 2671*) (FTCA) and the Civil Rights Enforcement Act (*42 U.S.C. 1983, et. seq.*) (1983 Claim) along with various District of Columbia common law claims for which this Court has ancillary jurisdiction.

5. Venue is proper in this District under *28 U.S.C. 1391* because the acts and/or emissions that give rise to this action occurred primarily if not exclusively in the District of Columbia.

6. Mr. Buzzanca timely submitted and served upon the District of Columbia a notice of claim pursuant to *District of Columbia Code Section 12-309*.

7. Mr. Buzzanca exhausted his administrative remedies as to the United States by timely submitting and serving an FTCA Notice of Claim more than six months ago. The United States has taken no action in response to the Notice of Claim.

The Parties

8. Mr. Buzzanca is a citizen of the United States. Mr. Buzzanca was a resident of the District of Columbia when the Initial Complaint was filed. He is currently in BOP custody.

9. The various DOC John Doe defendants are District of Columbia government employees employed by the Department of Corrections (DOC) whose actions and omissions caused or contributed directly to Mr. Buzzanca's remaining incarcerated beyond his release date.

10. The DOC John Doe defendants were acting on behalf of the District of Columbia at all times relevant to this action.

11. Defendant District of Columbia is a government entity responsible for the managing and supervising the DOC.

12. The BOP is a federal agency of the United States government and it is charged, inter alia, with presumptively housing in various prison and penitentiaries throughout the United States virtually all individuals convicted of felony offenses in the Superior Court of the District of Columbia following the date of their actual sentencing.

13. DOC is responsible for, inter alia, 1) housing individuals charged with felonies in the Superior Court of the District of Columbia prior to sentencing, 2) housing individuals convicted of Superior Court felonies where the length of a sentence or remaining time to be served on the sentence following the sentencing hearing is sufficiently brief that BOP does not take actual custody of those individuals and 3) holding on a short-term basis following sentencing those individuals

sentenced to more than very short sentences from the Superior Court until those individuals are transported to BOP facilities.

14. On information and belief, cost considerations inform the decision to place or not place an individual with short sentences in actual, direct BOP custody in a designated BOP facility as opposed to housing an individual at a DOC facility.

15. Both DOC and BOP have obligations designed to ensure that individuals convicted of felony offenses actually serve not more than or less than the amount of time deemed appropriate by the judicial officer. On information and belief, DOC is responsible for providing BOP with information regarding the length of a sentence and the amount of time served by an individual in DOC custody prior to sentencing so that BOP can determine that individual's release date after he is sentenced. On information and belief, these mutual, overlapping obligations exist regardless of whether the individual defendant is transferred to the BOP or remains in DOC custody for the balance of his sentence.

### Substantive Facts Common to this Cause of Action

16. Mr. Buzzanca's cause of action stems from non-discretionary acts and/or omissions by DOC and BOP personnel that caused his over detention at D.C. Jail.

17. On May 19, 2017 Mr. Buzzanca appeared before the Hon. Jose Lopez in the Superior Court of the District of Columbia to be sentenced for one count of third-degree sex abuse in case no. 2016-CMD-005879 (the sex abuse case) and one count of felony contempt in case no. 2017-CF1-004542 (the contempt case). Judge Lopez sentenced Mr. Buzzanca to thirty-six months incarceration, with all but twelve months suspended, and placed Mr. Buzzanca on three years probation in the sex abuse case. Judge Lopez also sentenced Mr. Buzzanca to twelve months in the contempt case and order those twelve months to run consecutive upon execution to the sentence in

the sex abuse case. Judge Lopez suspended the execution of all twelve months in the contempt case and placed Mr. Buzzanca on supervised probation for eighteen months, with such probation to run concurrent to the thirty-six months probation in the sex abuse case. Judge Lopez also imposed a sentence of three years supervised release to follow any period of incarceration in each case and suspended the supervised release. This resulted in a sentence of twelve months incarceration.

18. Mr. Buzzanca had spent approximately 246 days in DOC custody prior to appearing before Judge Lopez for sentencing on May 19, 2017 and thus faced approximately 119 more days in jail following sentence. This means he should have been released on or around September 15, 2017.

19. Mr. Buzzanca was not released until February 8, 2018.

20. Mr. Buzzanca suffers from a plenitude of grave mental and physical health problems. DOC knew about these problems because medical alerts had been sent to DOC during the pendency of his criminal cases. Also, various judicial officers had ordered competency evaluations to determine if Mr. Buzzanca was competent to stand trial and otherwise proceed in his case. DOC was on notice of those evaluations.

21. Mr. Buzzanca suffered financial losses and grave mental and emotional hardship as a result of his detention beyond his release date (over detention) of approximately 156 days. The mental and emotional hardship was aggravated by his mental health afflictions.

<u>Procedural History of the Case</u>

22. Mr. Buzzanca filed the Initial Complaint in the Superior Court against the District of Columbia and the unknown John Doe DOC individual defendants. Mr. Buzzanca obtained service on the District of Columbia.

23. The initial Complaint included six separate counts and each count specified where a claim of liability was directed against the John Doe DOC defendants, the District of Columbia or both.

24. The District of Columbia removed the Superior Court case to this Court because the Complaint pled a federal cause, namely the 1983 claim.

25. On June 14, 2019 this Court granted the District of Columbia's motion to dismiss the 1983 claim as it pertained to the District of Columbia without prejudice, and noted Mr. Buzzanca's acknowledgement that the facts did not support his gross negligence claim against the District of Columbia and the DOC John Doe defendants. This Court denied the District of Columbia's motion as it pertained to all other counts and which are pled herein.

26. Following this Court's June 14, 2019 Order the District of Columbia filed a timely answer to the remaining counts.

27. On June 3, 2020 Mr. Buzzanca and the District of Columbia filed a joint status report wherein the District of Columbia stated that it did not object to Mr. Buzzanca filing an amended Complaint to add the United States as a party.

COUNT I: *42 U.S.C. 1983, et seq.* Violation (DOC John Doe defendants only)

28. Mr. Buzzanca hereby incorporates by reference the facts set forth in paragraphs one through twenty-seven.

29. Mr. Buzzanca's over detention constituted a violation of his Fourth, Fifth, Eighth and Fourteen Amendment rights.

30. The actions and omissions of the John Doe DOC employees directly and proximately caused Mr. Buzzanca's over detention by committing various acts and omissions, including, but not limited to: 1) failing to transmit the necessary information to BOP for sentencing calculation

6

purposes, 2) failing to follow-up with a request for calculation when it was obvious and apparent that Mr. Buzzanca was being detained beyond his sentence, 3) providing BOP with wrong information that affected BOP's calculation or 4) failing to properly calculating his remaining period of incarceration to the extent it was independently responsible for making such calculations.

31.  Mr. Buzzanca will incur attorney's fees in prosecuting this action that are compensable against the defendants pursuant to *42 U.S.C. 1983, et. seq.*

WHEREFORE, Mr. Buzzanca demands judgment in the amount of 1) $500,000.00 compensatory damages from the individual John Doe DOC defendants, 2) $1000,000.00 punitive damages and 3) an award of costs, including reasonable attorney's fees he has expended and will expend prosecuting this action pursuant to *42 U.S.C. 1988, et. seq.*

COUNT II: False Arrest, False Imprisonment (individual DOC defendants & District of Columbia)

32.  Mr. Buzzanca hereby incorporates by reference the facts set forth in paragraphs one through thirty-one.

33.  Mr. Buzzanca was over detained because a DOC agent or employee who, acting on behalf of the District of Columbia and within the scope of his or her employment with DOC, failed to prevent Mr. Buzzanca's over detention by: 1) failing to transmit necessary information to BOP for calculation purposes or otherwise communicate with BOP regarding Mr. Buzzanca's sentence, 2) failing to follow-up with a request for calculation when it was obvious and apparent that Mr. Buzzanca was being detained beyond his sentence, 3) providing BOP with wrong information that affected BOP's calculation or 4) failing to properly calculating his remaining period of incarceration to the extent it was independently responsible for making such calculations or 5) a combination of one or more of those or other faulty acts or omissions.

34. The District of Columbia is liable for the conduct of its employees under the doctrine of respondeat superior.

35. The individual DOC employees and the District of Columbia's failure to act to prevent Mr. Buzzanca's over detention was either the direct and proximate cause or a contributing cause of his over detention.

36. The actions and omissions of the District of Columbia and its DOC employees and agents constituted deliberate indifference tantamount to actual malice.

37. The over detention caused Mr. Buzzanca substantial financial harm and extreme pain, suffering and mental anguish

WHEREFORE, plaintiff Anthony Buzzanca demands judgment of $500,000.00 in compensatory damages from the District of Columbia and the John Doe DOC defendants, $100,000.00 punitive damages from the individual DOC defendants and costs, including reasonable attorney's fees, he will expend prosecuting this action.

COUNT III: Intentional Infliction of Emotional Distress (DOC John Doe and District of Columbia)

38. Mr. Buzzanca hereby incorporates by reference the facts set forth in paragraphs one through thirty-seven.

39. The acts and omissions of the various unknown DOC employees that caused or contributed to Mr. Buzzanca's over detention was conduct that resulted in extreme emotional distress to Mr. Buzzanca and the conduct was deliberate, willful, malicious, and with deliberate disregard for Mr. Buzzanca.

40. The actions and omissions of the individual DOC employees acting on behalf of the District of Columbia, that caused Mr. Buzzanca's over detention were extreme and outrageous and beyond all bounds of decency in society.

8

41. Mr. Buzzanca has suffered and will continue to suffer severe mental and emotional distress, humiliation and mental anguish as a direct and proximate result of the egregious acts and omissions of the DOC employees acting on behalf of the District of Columbia regardless of whether such acts and omissions furthered a District of Columbia or DOC specific custom or practice.

42. All the acts and omissions of the unknown DOC individual John Doe defendants that were intended to and did in fact cause Mr. Buzzanca to suffer severe emotional distress were done with the intent to serve the District of Columbia and were done within the scope of their employment and were authorized, ratified and adopted by the District of Columbia such that the District of Columbia is liable for those acts and omissions based on respondeat superior.

WHEREFORE, plaintiff Anthony Buzzanca demands judgment in the amount of $500,000.00 in compensatory damages, $100,000.00 punitive damages from the individual DOC defendants, and costs, including reasonable attorney's fees, he will expend prosecuting this action.

COUNT IV: Negligence (DOC John Doe defendants and District of Columbia)

43. Mr. Buzzanca hereby incorporates by reference the facts set forth in paragraphs one through forty-two.

44. The District of Columbia's DOC employees and agents owed Mr. Buzzanca a duty to maintain, review and process court records in a manner that prevents over detention generally in order to prevent his specific over detention whether that duty involves calculating his remaining time, transmitting the information to BOP, communicating with BOP or a combination of those and other responsibilities pertaining to the record-keeping of sentences so as to prevent over detention.

45. The District of Columbia DOC employees and agents breached that duty by engaging in various acts and omissions that caused Mr. Buzzanca's over detention, including, but not limited to the following: 1) failing to transmit necessary information to BOP for calculation purposes or

9

otherwise communicate with BOP regarding Mr. Buzzanca's sentence, 2) failing to follow-up with a request for calculation when it was obvious and apparent that Mr. Buzzanca was being detained beyond his sentence, 3) providing BOP with wrong information that affected BOP's calculation, 4) failing to properly calculating his remaining period of incarceration to the extent it was independently responsible for making such calculations or 5) a combination of one or more of those or other faulty acts or omissions.

46. The District of Columbia's DOC employees and agents breach of their over detention prevention duty was the direct and proximate cause of Mr. Buzzanca's over detention.

47. Mr. Buzzanca has suffered financial loss and he continues to suffer severe mental and emotional distress and mental anguish as a direct and proximate result of his over detention.

48. The District of Columbia is liable for the acts and omission of its DOC agents and employees under the doctrine of respondeat superior.

WHEREFORE, Mr. Buzzanca demands judgment in the amount of $500,000.00 in compensatory damages from all defendants and costs, including reasonable attorney's fees, he will expend prosecuting this action.

COUNT V: Negligent Hiring, Training and Supervision (District of Columbia only)

49. Mr. Buzzanca hereby incorporates by reference the facts set forth in paragraphs one through forty-eight.

50. The District of Columbia had a duty to train, supervise, and discipline unknown defendant DOC agents and employees to prevent over detention.

51. The District of Columbia breached that duty to train, supervise and discipline DOC employees adequately in terms of maintaining records and taking action designed to prevent over detention.

52. As a direct and proximate cause of the District of Columbia's breach of the foregoing duties, Mr. Buzzanca has suffered financial losses and continues to suffer severe mental and emotional distress and mental anguish for which the District of Columbia is directly liable.

WHEREFORE, Mr. Buzzanca demands judgment in the amount of $500,000.00 in compensatory damages from the District of Columbia, together with costs, including reasonable attorney's fees, he will expend prosecuting this action.

### COUNT VI: False Arrest, False Imprisonment (BOP John Doe and United States)

53. Mr. Buzzanca hereby incorporates by reference the facts set forth in paragraphs one through fifty-two.

54. Mr. Buzzanca was over detained because the United States, through a BOP agent or employee acting on behalf of the BOP and within the scope of their employment with BOP and, ultimately, the United States, failed to act in a manner that prevented Mr. Buzzanca's over detention by committing various acts and/or omissions including, but not limited to 1) failing to review information provided by DOC needed to calculate Mr. Buzzanca's release date, 2) failing to contact DOC to ensure DOC provided the necessary information, 3) failing to calculate Mr. Buzzanca's release date, 4) failing to calculate Mr. Buzzanca's release date properly, 5) failing to inform DOC of its calculation or 6) failing to perform one or more of those obligations or by committing some other act of fault that prevented Mr. Buzzanca's timely release in accordance with Judge Lopez's sentence.

55. The United States is liable for the conduct of its BOP employees under the doctrine of respondeat superior.

56. The individual BOP employees and the BOP's failure to act to prevent Mr. Buzzanca's over detention was the direct and proximate cause of his over detention.

11

57. The actions and omissions of BOP's employees and representatives constituted deliberate indifference tantamount to actual malice.

58. The over detention caused Mr. Buzzanca substantial financial harm and extreme pain, suffering and mental anguish.

WHEREFORE, plaintiff Anthony Buzzanca demands judgment in the amount of $500,000.00 in compensatory damages, reasonable attorney's fees, he will expend prosecuting this action and $100,000.00 punitive damages from the individual John Doe BOP defendants.

COUNT VII: Intentional Infliction of Emotional Distress (United States and BOP John Does)

59. Mr. Buzzanca hereby incorporates by reference the facts set forth in paragraphs one through fifty-eight.

60. All the acts and omissions of the various BOP employees resulted in extreme emotional distress to Mr. Buzzanca and those acts and omissions were done or not done deliberately, willfully, maliciously, and with deliberate disregard for Mr. Buzzanca.

61. The actions and omissions of the individual BOP employees acting on behalf of the United States, that caused or contributed to Mr. Buzzanca's over detention were extreme and outrageous and beyond all bounds of decency in society.

62. Mr. Buzzanca has suffered and will continue to suffer severe mental and emotional distress, humiliation and mental anguish as a direct and proximate result of the egregious acts and omissions of the BOP employees acting on behalf of the United States.

63. All the acts of the BOP employees that were intended to and did in fact cause Mr. Buzzanca to suffer severe emotional distress were done with the intent to serve the United States and were done within the scope of their employment and were authorized, ratified and adopted by the United States. Therefore, the United States is liable for those acts and omissions.

12

WHEREFORE, plaintiff Anthony Buzzanca demands judgment in the amount of $500,000.00 in compensatory damages, reasonable attorney's fees, he will expend prosecuting this action and $100,000.00 punitive damages from the individual John Doe BOP defendants.

<u>COUNT VIII: Negligence (United States and BOP John Doe)</u>

64. Mr. Buzzanca hereby incorporates by reference the facts set forth in paragraphs one through sixty-three.

65. The BOP employees and representatives owed Mr. Buzzanca a duty on behalf of the United States to maintain, review and process court records and information provided by the DOC and to calculate the period of a sentence of an individual sentenced to a period of incarceration for a Superior Court felony in a manner that prevents over detention generally in order to prevent his specific over detention whether that duty involves calculating his remaining time, transmitting the information to BOP, communicating with BOP or a combination of those and other responsibilities pertaining to the record-keeping of sentences so as to prevent over detention. This duty extends to individuals who are not placed in direct BOP custody but nonetheless sentenced as felons in Superior Court to a short period of incarceration

66. The United States, through its BOP employees and representatives breached that duty by engaging in acts and omissions that caused Mr. Buzzanca's over detention, including but not limited to, 1) failing to review information provided by DOC needed to calculate Mr. Buzzanca's release date, 2) failing to contact DOC to ensure DOC provided the necessary information, 3) failing to calculate Mr. Buzzanca's release date, 4) failing to calculate Mr. Buzzanca's release date properly, 5) failing to inform DOC of its calculation or 6) failing to perform one or more of those obligations or by committing some other act of fault that prevented Mr. Buzzanca's timely release in accordance with Judge Lopez's sentence.

67. The BOP employees' and representatives' breach of their over detention prevention duty was the direct and proximate or at least a contributing cause of Mr. Buzzanca's over detention.

68. Mr. Buzzanca has suffered financial loss and he continues to suffer severe mental and emotional distress and mental anguish as a direct and proximate result of his over detention.

69. The United States is liable for the acts and omission of its BOP personnel under the doctrine of respondeat superior.

WHEREFORE, Mr. Buzzanca demands judgment in the amount of $500,000.00 in compensatory damages from the individual John Doe BOP defendants and the United States along with costs, including reasonable attorney's fees, he will expend prosecuting this action.

Respectfully Submitted,

__/s/Ian Williams_____
Ian A. Williams #417772
717 D Street, N.W.
Suite 300
Washington, D.C. 20004
(202) 737-7171

(Attorney for plaintiff
Anthony Buzzanca)

JURY DEMAND

Plaintiff Anthony Buzzanca respectfully demands a jury trial on all issues against the District of Columbia and the DOC John Doe defendants.

_/s/Ian Williams_____
Ian A. Williams

14