UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTHONY BUZZANCA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-cv-02893 (APM) |
| DISTRICT OF COLUMBIA, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Plaintiff Anthony Buzzanca brings this suit against the District of Columbia (the "District"), the United States of America, and various John Doe individuals employed by the United States Bureau of Prisons ("BOP") and the District of Columbia Department of Corrections ("DOC"). He alleges that the actions and omissions of various DOC and BOP employees resulted in his over-detention by several months. The District cross-claims against the United States for indemnification and contribution. Before the court is the United States' Motion to Dismiss both the Amended Complaint and the District of Columbia's cross-claim. For the reasons that follow, the court grants the United States' motion.

**II.   BACKGROUND**

   **A.   Factual Background**

On May 19, 2017, Plaintiff was sentenced by Judge Jose Lopez of the Superior Court of the District of Columbia to twelve months of incarceration following his conviction for one count of third-degree sex abuse and one count of felony contempt. *See* Pl.'s First Am. & Suppl. Compl.,

ECF No. 20 [hereinafter Am. Compl.], ¶ 17.  At the time of sentencing, Plaintiff was being held at the D.C. Jail, a facility operated by the DOC.  *See id.* ¶ 11, 18.  He had spent approximately 246 days in custody, and so had 119 days left to complete his twelve-month sentence.  *See id.* ¶ 18.  Plaintiff therefore should have been released on or around September 15, 2017.  *See id.*  Instead, he was released 156 days later, on February 8, 2018.  *See id.* ¶¶ 18–19, 21.

### B. Procedural Background

Plaintiff filed his original five-count Complaint in the Superior Court of the District of Columbia against the District and the unknown John Doe DOC individual defendants on September 28, 2018.  *See* Notice of Removal, ECF No. 1 [hereinafter Notice], Pl.'s Compl., ECF No. 1-1 [hereinafter Compl.], at 1, 4–9.  Because the Complaint contained a federal cause of action—violation of 42 U.S.C. § 1983—the District removed the case to this court on December 10, 2018.  *See* Am. Compl. ¶ 24; Notice ¶ 2.  On June 14, 2019, this court granted the District's motion to dismiss the section 1983 claim, but denied the motion as it pertained to all other counts.  *See* Am. Compl. ¶ 25; Mem. Op. & Order, ECF No. 9, at 3, 5.  The District filed an Answer to the remaining counts on June 24, 2019.  *See* Answer, ECF No. 10.

On June 10, 2020, Plaintiff filed an Amended Complaint, adding the United States and various John Doe individuals employed by BOP as defendants.  *See* Am. Compl.  The District answered the Amended Complaint on June 24, 2020, and cross-claimed against the United States for indemnification and contribution.  *See* District of Columbia's Answer to Pl.'s First Am. & Suppl. Compl. & Cross-Claim Against the United States, ECF No. 22 [hereinafter D.C.'s Cross-Claim], at 1, 8.

The Amended Complaint contains eight counts.  The present motion concerns Counts VI through VIII, which Plaintiff brings against the United States and the BOP John Doe Defendants.

*See* Am. Compl. ¶¶ 53–69. Count VI alleges that the United States, through the BOP and its employees, is liable for the intentional torts of false arrest and false imprisonment. *Id.* ¶¶ 53–58. Specifically, Plaintiff contends that a BOP agent or employee failed to prevent his over-detention by various acts or omissions, including failures to: 1) review information provided by DOC needed to calculate Plaintiff's release date, 2) contact DOC to ensure it provided the necessary information, 3) calculate Plaintiff's release date, 4) calculate Plaintiff's release date properly, 5) inform DOC of the calculation, or 6) perform one or more of those obligations by committing some other act of fault that prevented Plaintiff's timely release. *Id.* ¶¶ 54–55.

In Count VII, Plaintiff alleges that the United States, by and through the actions of BOP employees, is liable for intentional infliction of emotional distress. *Id.* ¶¶ 59–63. Finally, in Count VIII, Plaintiff asserts a negligence claim against the United States, claiming that BOP employees owed him a duty "to maintain, review, and process court records provided by the DOC" and to correctly calculate his release date, and that they breached those duties. *Id.* ¶¶ 64–69. The Amended Complaint seeks $500,000 in compensatory damages from the United States, plus reasonable attorneys' fees and costs, as well as $100,000 in punitive damages from the individual John Doe BOP defendants. *Id.* ¶¶ 37, 58, 69.

On October 19, 2020, the United States filed a motion to dismiss Plaintiff's claims and the District's cross-claim on the ground that the court lacks subject-matter jurisdiction over those claims. *See* United States' Mot. to Dismiss Am. Compl., ECF No. 28, at 1, Mem. of P. & A. in Supp. of the Unites States' Mot. to Dismiss, ECF No. 28-1 [hereinafter Def.'s Mot.], at 1. Plaintiff filed an opposition to the United States' motion on November 2, 2020. *See* Pl.'s Mem. of P. & A. in Opp'n to Def. United States' Mot. to Dismiss., ECF No. 32 [hereinafter Pl.'s Opp'n]. On November 6, 2020, the District also filed an opposition to the United States' motion to dismiss.

*See* Def. District of Columbia's Opp'n to United States' Mot. to Dismiss, ECF No. 34 [hereinafter D.C.'s Opp'n]. The United States filed its reply brief on November 13, 2020, *see* Reply in Further Supp. of the United States' Mot. to Dismiss, ECF No. 35 [hereinafter Def.'s Reply], and Plaintiff filed a supplemental opposition on November 30, 2020, *see* Pl.'s Suppl. Opp'n to Mot. to Dismiss, ECF No. 36. The United States' motion is now ripe for review.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim over which the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When reviewing a motion under Rule 12(b)(1), the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). To survive a Rule 12(b)(1) motion, the burden is on the plaintiff to show the court has subject-matter jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). If the court determines it does not have jurisdiction, the court must dismiss the claim or action. *See* Fed. R. Civ. P. 12(h)(3).

### IV. DISCUSSION

The United States enjoys immunity from all suits under the doctrine of sovereign immunity, unless expressly waived by a statute. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, is one such statute. It authorizes private tort actions against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Supreme Court has "interpret[ed] these words to mean what they say, namely, that the United States waives sovereign

immunity 'under circumstances' where local law would make a '*private person*' liable in tort." *United States v. Olson*, 546 U.S. 43, 44 (2005). The FTCA also contains various statutory exceptions to the waiver of sovereign immunity. *See generally* 28 U.S.C. § 2680. As relevant to this case, section 2680(h) excludes from the FTCA's immunity waiver "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." *Id.* § 2680(h).

The United States argues that Plaintiff's FTCA claims must be dismissed for two reasons: 1) "Plaintiff's claims lack any private analogue"—that is, a "private person" could not be held liable for his over-detention—and 2) his claims "are specifically carved out from the FTCA's waiver of sovereign immunity" under § 2680(h). Def.'s Mot. at 4. The District's cross-claim must be dismissed for these same reasons, says the United States. *Id.* at 2. Plaintiff responds: 1) a private person would be liable for conduct similar to that alleged here under local law, *see id.* at 5; 2) section 2680(h) presents no impediment because the FTCA expressly waives immunity for the actions of "investigative or law enforcement officers," from which his claims arise, *see* Pl.'s Opp'n at 3–4; and 3) even if Plaintiff's false arrest and false imprisonment claims are foreclosed by § 2680(h), his claims for negligence and intentional infliction of emotional distress remain actionable, *see id.* at 4–6. The District writes to bolster Plaintiff's third argument—that his claim is one of "general negligence against the United States, arising from an entirely different duty than the Government's duty to refrain from false imprisonment." D.C.'s Opp'n at 4.

The court begins its discussion with whether BOP employees qualify as "investigative or law enforcement officers of the United States." It then turns to the question of whether there exists a private analogue to Plaintiff's claims. Because the court finds that the alleged wrongdoing lacks

5

a private analogue, it need not address whether Plaintiff's negligence and emotional distress claims are distinct from his claims for false arrest and false imprisonment.

### A. Investigative or Law Enforcement Officer Exception

As noted, section 2680(h) of the FTCA excludes certain torts from the statutory immunity waiver, including false arrest and false imprisonment. Within that exclusion though, there lies an exception. The FTCA provides that,

> [W]ith regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution.

28 U.S.C. § 2680(h). Put more simply, "the government's sovereign immunity is [] waived if the challenged conduct is committed by an 'investigative or law enforcement officer.'" *Ford v. Mitchell*, 890 F. Supp. 2d 24, 34–35 (D.D.C. 2012). The FTCA defines an "investigative or law enforcement officer" to mean "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h).

The United States asserts that Plaintiff has pleaded no facts to support the plausible inference that the BOP employees allegedly responsible for Plaintiff's over-detention qualify as "investigative or law enforcement officers of the United States." Def.'s Reply at 3–4. The court agrees. The employees in question work within the BOP's Designation and Sentence Computation Center ("DSCC"). The United States specifically avers that "DSCC employees are not authorized to conduct searches or seize evidence," and "although BOP employees do have some limited arrest authority[,]" that authority is limited and "plainly inapplicable to BOP office staff at the DSCC."

*Id.* at 4.  Plaintiff offers no well-pleaded facts or evidence in response.  His silence speaks volumes: Plaintiff effectively concedes that the BOP employees he has sued are not "investigative or law enforcement officers" under the FTCA.

Even the District tacitly acknowledges the insufficiency of Plaintiff's pleading, submitting that "discovery [would be] necessary to determine whether the relevant BOP employees me[e]t the definition of 'law enforcement' officials." D.C.'s Opp'n at 6 n.2.  But "in order to get jurisdictional discovery[,] a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court" has jurisdiction over the suit.  *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998).  Importantly, "a request for jurisdictional discovery cannot be based on mere conjecture or speculation." *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1094 (D.C. Cir. 2008).  Here, neither the District nor Plaintiff offer any reason for the court to believe that discovery would show that BOP employees whose job it is to compute sentences have the authority to conduct searches, seizures, or arrest.  It seems highly improbable that they would possess such power.  Accordingly, jurisdictional discovery is not warranted.

Plaintiff thus has failed to carry his burden at the pleading stage of showing that "the government has unequivocally waived its immunity" under the "law enforcement officer" exception.  *Hayes v. United States*, 539 F. Supp. 2d 393, 397 (D.D.C. 2008).  The FTCA's bar against causes alleging false imprisonment and false arrest therefore applies here.

**B.     Private Analogue Requirement**

To sidestep the foregoing conclusion, and to keep his case alive against the United States, Plaintiff argues that he may maintain his negligence and intentional infliction of emotional distress claims against the United States because neither tort is listed in § 2680(h) and each is distinct from his false arrest and false imprisonment causes of action.  *See* Pl.'s Opp'n at 4–6.  The District

concurs in this position.  *See* D.C.'s Opp'n at 3–4.  The court need not reach this question, however, as Plaintiff's claims fail for another reason:  there is no private-sector analogue to the government conduct alleged here.

"The FTCA waives sovereign immunity only 'under circumstances where the United States, *if a private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"  *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009) (emphasis added) (quoting 28 U.S.C. § 1346(b)(1)).  Thus, in order for his claims to fit within the FTCA's waiver of sovereign immunity, Plaintiff must show that "a private person would be responsible for similar negligence under the laws of the [District of Columbia]."  *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016) (quoting *Dorking Genetics v. United States*, 76 F.3d 1261, 1266 (2d Cir. 1996)); *see also Olson*, 546 U.S. at 44 ("[T]he United States waives sovereign immunity [only] 'under circumstances' where local law would make a 'private person' liable in tort.").  Plaintiff argues that there is a private analogue in this case because the United States contracts with private entities, such as the Correctional Corporation of America, to incarcerate individuals.  *See* Pl.'s Opp'n at 6.  The District takes a different tack.  It contends that Plaintiff's negligence claim is "not based on a federal statute or any other federally imposed duty[,]" so the United States' argument that no private analogue exists is "inapposite to the negligence claims."  *See* D.C.'s Opp'n at 4.  Neither contention is availing.

Courts making the "private person" inquiry in similar cases have uniformly held that "'[t]he authority to detain other persons and determine the length of their sentences . . . has no private analogue.'"  *Adeboye v. United States*, No. 19-cv-3089 (DLF), 2020 WL 5231323, at *2 (D.D.C. Sept. 1, 2020) (quoting *Portillo v. United States*, No. 17-cv-394 (JAD), 2018 WL 523363, at *3 (D. Nev. Jan. 22, 2018)); *see also Ojo v. United States*, No. 16-cv-4112 (MKB), 2020 WL 828076,

at *14 (E.D.N.Y. Feb. 20, 2020) (finding BOP employees' alleged negligence in following the "federal law and regulation and internal agency policy governing the calculation of federal inmates' release dates lack[ed] a private analogue"). The Second Circuit's decision in *McGowan* is particularly instructive. There, the court rejected the very argument that Plaintiff makes here— that "private contractors operating local, state or federal detention facilities could provide the requisite private analogue" to alleged wrongful confinement by BOP employees. 825 F.3d at 126. The court observed that Plaintiff had "cite[d] no authority for th[at] proposition," and even assuming "private contractors c[ould] be held liable for wrongful confinement under New York Law[,]" the court explained, "when private prison contractors perform governmental functions pursuant to contracts with governmental entities, they are *not* similarly situated to any private actor." *Id.* at 126 (emphasis added). The court reasoned that "[t]he private analogue inquiry asks whether '[p]rivate individuals . . . may create a relationship with third parties that is similar to the relationship between' a governmental actor and a citizen, not whether a government contractor could create such a relationship." *Id.* (quoting *Olson*, 546 U.S. at 47). "Private persons cannot establish facilities to detain other persons," the court further explained, "only the government can, either on its own or through a governmental contractor." *Id.* at 127. Accordingly, the court held, "there [wa]s no private analogue to McGowan's claim." *Id.*; *see also Adeboye*, 2020 WL 5231323, at *2 ("Private individuals do not perform duties analogous to the administration of criminal sentences that deprive other citizens of their liberty."); *cf. Warren v. United States*, 244 F. Supp. 3d 1173, 1221–22 (D.N.M. 2017) (noting the difficulty of finding analogous private conduct for 'quasi-legislative' actions such as where "law enforcement officials . . . are required to make arrests"). *McGowan*'s reasoning applies squarely here. Plaintiff's claim rests on his wrongful detention, and only the government has the power to detain.

Even if, generally speaking, private prisons could supply an analogue to the government function of incarcerating individuals, that equivalence collapses when applied to the specific conduct alleged here. Plaintiff avers that BOP employees acted tortiously by miscalculating the time remaining on his sentence or by failing to effectively communicate with DOC to convey a proper calculation. *See* Am. Compl. ¶¶ 54–55. Neither Plaintiff nor the District, however, have put forward any facts to support the notion that privately contracted prisons are involved in calculating release dates, communicating about release date determinations, or anything similar in the private sector. Thus, there is no private analogue to Plaintiff's particular theory of over-detention.

The District's argument fares no better. It insists that the private person inquiry does not apply in this case because Plaintiff's claims do not rest on the violation of a federal statute. *See* D.C.'s Opp'n at 4–5. For this proposition, the District relies on the D.C. Circuit's opinion in *Hornbeck Offshore Transportation, LLC v. United States*, 569 F.3d at 506. There, the court held that Hornbeck could not bring its claims under the FTCA because they arose "purely out of a federal statutory scheme that ha[d] no local analog." *Id.* at 508. Because Plaintiff's claims in this case are not "based upon a federal statute or any other federally imposed duty," the District argues, "the 'no private analogue' argument as articulated in *Hornbeck* is inapposite to the negligence claims advanced by [] Buzzanca." D.C.'s Opp'n at 5. Not so.

This court does not read *Hornbeck* to say that if the United States does not violate a federal statute there is no private analogue requirement. Such an interpretation would run counter to the text of the FTCA. On its face, the statute requires that sovereign immunity only be waived "under circumstances where the United States, *if a private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1)

10

(emphasis added); *see also* 28 U.S.C. § 2674 (providing that the United States is liable "in the same manner and to the same extent as a private individual under like circumstances"). The private analogue requirement is thus built into the text of the FTCA; it is not applicable only when the alleged tort rests on a violation of federal law. *See Olson*, 546 U.S. at 46–47 (describing the scope of the "private individual" inquiry).

Finally, the District argues that if the United States' immunity argument is accepted, "it would prevent all federal prisoners from bringing over-detention cases against the United States based on a claim that their sentence was miscalculated by the BOP." D.C. Opp'n at 5. The court need not grapple with that contention. It suffices for present purposes to say that, in this case, neither Plaintiff nor the District have articulated "like circumstances" in which a private individual could be held liable for the tortious acts alleged here. *Olson*, 546 U.S. at 46.

*       *       *

In sum, Plaintiff has not plausibly alleged that the United States has waived its sovereign immunity because DSCC employees are "investigative or law enforcement officers of the United States." 28 U.S.C. § 2680(h). Nor has he shown that DSCC employees' alleged conduct makes the United States liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Therefore, Plaintiff's claim and the District's cross-claim against the United States are dismissed for lack of subject-matter jurisdiction.

## V.     CONCLUSION AND ORDER

For the foregoing reasons, the court grants the United States' Motion to Dismiss. Counts VI through VIII of the Amended Complaint, *see* Am. Compl. ¶¶ 53-69, as well as the District's cross-claim against the United States, *see* D.C.'s Cross-Claim, are hereby dismissed.

Plaintiff's Motion to Amend and Supplement the Complaint, ECF No. 37, is therefore denied as moot.

Dated: March 2, 2021

Amit P. Mehta
United States District Court Judge